EASTERN DIS.
*January*, 1834

ANSELM *vs.* BRAUD

ANSELM
*vs.*
BRAUD.

APPEAL FROM THE COURT OF THE FOUTH DISTRICT, THE JUDGE OF THE

SECOND PRESIDING.

When the general denial is pleaded to an action against the defendant as
the drawer of a promissory note annexed to and made a part of the petition
any variation between the name of the drawer as signed to the note and
the defendant's name as described in the petition may be reconciled by
parol testimony.

This action was brought against the defendant as drawee
of the following note, which was annexed to the petition, "and
referred to for more certainty."

"Dans le courant de Mars prochain, je payerai à l'ordre
de Jacob Anselm, la somme de deux cents soixante-quinze
piastres, avec intérêts à raison de dix pour cent par an de
cette date, jusqu'à parfait payement, pour valeur reçue.

   *Iberville, ce* 16 *Mai,* 1831.

"Témoin,"       (Signed) Breux."
 (Signed) J. Labauve.

The defendant's name was styled in the petition Charles
Brand or Braud. The general denial was pleaded.

On the trial the plaintiff offered the note in evidence, and
offered to prove the signature of the defendant. The defen-
dant objected to its introduction as not being the same note
described in the petition. The objection was sustained and
the plaintiff took his bill of exceptions.

Judgment as in case of non-suit was rendered, from which
the plaintiff appealed.

*Labauve,* for plaintiff and appellant, contended, that the
court below erred in rejecting the note sued upon and offer-
ed in evidence :

1. Because the answer of Charles Braud, the defendant,
admitted his his signature to the note. *C. C. art.* 2243, *C. P.*
324, 325 *and* 326. *La. Rep., vol.* 1, *p.* 486.

2. Because plaintiff offered evidence to prove the signa-
ture, notwithstanding the admission of defendant.

3. The court erred in giving a non suit, it should have given judgment for plaintiff, the execution of and the signature to the note being admitted.

4. The above errors being considered, it is believed that the judgment should be reversed and rendered here for the plaintiff and appellant; this court being in possession of sufficient evidence, according to the pleadings to authorise such judgment.

*Nicholls*, contra.

MATHEWS, J., delivered the opinion of the court.

This case comes up on a bill of exceptions, taken to the opinion of the judge *a quo*, by which he refused to admit in evidence the promissory note, on which the action purports to be founded.

The petitioner charges Charles Breux or Brand as the debtor, and the note, on which the suit is brougbt, is annexed to and made a part of the petition, and appears to have been signed by Charles Braud. The answer contains only a general denial.

On the trial of the cause, the plaintiff offered to prove the signature of the defendant, but as the note itself was rejected on account of error, as to the name of the signer; this testimony was also rejected, and a judgment of non suit rendered, from which the plaintiff appealed.

In support of the correctness of the judgment of the court below, we are referred to a decision to be found in 11 *Martin*, *p.* 547, which would perhaps justify the pretentions of the appellee, were it not for a very important difference in the feature of that case from the present. In the former, the instrument declared on was not anexcd to the petition, or in any manner made a part of it; nothing appeared to put the defendant on his guard against the discussion between the allegation and the proof offered.

In the case now under consideration, the promissory note itself being annexed to, and made a part of the petition, is

EASTERN DIS.
*January*, 1834.

ANSELM
*vs.*
BRAUD.

When the general denial is pleaded to an action against the defendant as the drawer of a promissory note annexed to and made a part of the petition, any variation between the name of the drawer as signed to the note and the defendant's name as described in the petition may be reconciled by parol testimony.

sufficient to correct any error in spelling the name of the defendant. By this means, it is in fact a suit against Charles Breux, the signer of the note. He might probably have pleaded the misnomer in abatement; but as he chose to answer generally to the action under the double appellants of Braud or Brand and Breux, both being stated in the petition, in consequence of the annexation of the note, he ought to be considered as having answered in his true name, and the note as annexed should have been received in evidence, under proper proof or admissions, &c.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled; and is further ordered that this case be remanded to said court, to be proceeded in according to law. The appellee to pay the costs of this appeal.